IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MOHAVE GC, LLC; CORRAL FIVE, LLC, d/b/a GOLDEN CORRAL; CORRAL FOUR, LLC, d/b/a GOLDEN CORRAL; CORRAL THREE, LLC, d/b/a GOLDEN CORRAL; CORRAL ONE, LLC, d/b/a GOLDEN CORRAL,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPOSITORS INSURANCE COMPANY, ALLIED INSURANCE CO. OF AMERICA and NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendants. | Case No. _____<br><br>State Cause No. LACL150183 |

**ALLIED INSURANCE CO. OF AMERICA AND NATIONWIDE MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Nationwide Mutual Insurance Company ("NMIC") and Defendant Allied Insurance Co. of America ("Allied"), pursuant to 28 U.S.C. § 1441 and LR 81(a)(4), give notice of the removal of this action from the Iowa District Court for Polk County to this Court. The grounds for removal are stated below.[1]

## I.  INTRODUCTION

1.     In the Spring of 2020, Plaintiffs—a collection of LLC entities conducting business as Golden Corral restaurants throughout the country—sought business interruption

---

[1] The statements in paragraphs 1-4 are based in the Plaintiff's petition, and are not admissions by the Defendants.

- 1 -

4815-1336-0613 v2

insurance coverage for certain financial shortfalls incurred during the COVID-19 pandemic. Their insurers—the Defendants in this case, NMIC, Allied, and Depositors Insurance Company—denied coverage, pointing to provisions in their respective policies of insurance that precluded coverage. (Pet. Ex. F– J).

2.      NMIC issued a policy of insurance in California to California-based Plaintiff Corral One, LLC.   Allied issued its policies in Arizona to Arizona-based Plaintiffs Mohave GC, LLC and Corral Five, LLC, respectively, as well as in Illinois (to Illinois-based Corral Three, LLC). Depositors issued its policy in Kansas to Kansas-based Corral Four, LLC. These were separate policies insuring five different restaurants located in four different States; each policy only covered one restaurant.

3.      Around March 12, 2021, Plaintiffs sued Defendants in Iowa state court. (Pet. ¶ 1). Despite that Plaintiffs are different restaurants with different insurers, different state laws and regulations, and different business impacts, they lumped their claims together against the three Defendants into the same state-court action.

4.      Nonetheless, Plaintiffs seek a declaratory judgment, requesting this Court find coverage in their various insurance policies. They also seek damages for breach of contract and bad-faith in relation to the claims handling conduct of these three separate Defendants. (Pet. ¶ 1).

5.      The only pleading that has been filed in state court is Plaintiff's Petition, along with its attachments.  A copy of the Petition, attachments, and process is attached as **Exhibit A.** No other pleadings or orders have been served upon Defendants.

4815-1336-0613 v2

## II. **NOTICE OF REMOVAL IS TIMELY**

6.      Plaintiffs served Defendants NMIC and Allied with the Summons and Petition on March 18, 2021.  Accordingly, this Notice of Removal is filed within the 30-day time period prescribed by 28 U.S.C. § 1446(b).

## III. **DIVERSITY JURISDICTION EXISTS**

7.      This Court has original jurisdiction per 28 U.S.C. § 1332, LR 81(a)(4), and 28 U.S.C. § 2201, and 28 U.S.C. §1441 permits removal of this action because, as explained more fully below, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this case involves a controversy between citizens of different States.

### A.  **The amount in controversy requirement is met.**

8.      Plaintiffs sought insurance benefits to recover losses stemming from, among other things, reducing certain of the restaurants' "occupancy to as low as twenty five percent of their previous capacity." (Pet. ¶ 45). They claim that they have sustained "significant losses."  (*Id.* ¶ 47).

9.      Besides lost income, Plaintiffs claim they incurred non-descript "extra expenses" arising out of the Defendants' alleged breach of contract. (*Id.* ¶ 80).

10.     Plaintiffs seek relief for losses that have been ongoing since March or April of 2020. (*Id.* ¶ 89). Moreover, they seek punitive damages for Defendants' alleged bad faith. (*Id.* ¶ 90) *See Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (holding that punitive damages may be used to establish diversity jurisdiction).

11.     Here, all Plaintiffs sought insurance benefits, to include loss of business income. And all of the policies of insurance at issue included coverage for "actual loss of business

income" in certain circumstances, subject to the policies' terms and conditions. (Pet. Ex. F at 1, 4).  For purposes of establishing the amount in controversy only and satisfying LR 81(a)(4), NMIC and Allied believe the following to be true:

 a. Corral One grossed over $5.5 million in sales in 2019;

 b. Mohave GC grossed approximately $2.5 million in sales in 2016;

 c. Corral Five grossed approximately $3.6 million in sales in 2016;

 d. Corral Four grossed roughly $2.4 million in sales in 2016; and

 e. Corral Three grossed roughly $2.5 million in sales in 2016.

12. Given each restaurant's substantial gross sales prior to the pandemic, the various restrictions imposed by the four States at issue (and the alleged associated significant loss of income resulting therefrom), and the punitive damages sought, the amount in controversy is met. *See, e.g.*, *Scottsdale Ins. Co. v. Univ. Crop. Protection Alliance, LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (noting dismissal is only proper if it "appears to be a legal certainty that the claim is really for less than the jurisdictional amount.").

**B. The diversity of citizenship requirement is satisfied by parties not procedurally misjoined.**

13. Plaintiff Corral One is a California limited liability company located at 2050 Diamond Blvd., Concord, California.  (Pet. at ¶ 2).

14. Plaintiff Corral Three is an Illinois limited liability company located at 1591 South Randall Rd., Algonquin, Illinois.  (Pet. at ¶ 4).

15. Plaintiff Corral Four is a Kansas limited liability company located at 13440 S. Black Bob Rd., Olathe, Kansas.  (Pet. at ¶ 6).

4815-1336-0613 v2

16.     Plaintiff Corral Five is an Arizona limited liability company, located at 590 E. 16th Street, Yuma, Arizona. (Pet. at ¶ 8).

17.     Plaintiff Mohave GC is an Arizona limited liability company, located at 3580 N. Stockton Hill Rd., Kingman, Arizona.  (Pet. at ¶ 10).

18.     Upon information and belief, the members of Corral One, Corral Three, Corral Four, and Corral Five are Sean Kelly, Reymundo Vasquez, Hamideh Manshadi, and Julio Hossein Manshadi.[2]  Further, upon information and belief, the members of Mohave GC are Sean Kelly and Reymundo Vasquez.

19.     Upon information and belief, none of the members of these limited liability companies are citizens of either Iowa or Ohio for purposes of diversity jurisdiction.

20.     Defendants NMIC and Allied are incorporated under the laws of Ohio, and have their principal places of business there.  They are, therefore, citizens of Ohio.

21.     Defendant Depositors Insurance Company ("Depositors") is incorporated under the laws of Iowa, and has its principal place of business there. For reasons explained below, Depositors' citizenship can be disregarded for purposes of diversity jurisdiction.

## C. The only Iowa defendant, Depositors, is procedurally misjoined and its citizenship should be disregarded.

22.     Depositors is an Iowa corporation, and has its principal place of business in Iowa. Depositors' citizenship must be disregarded, however, as it has been procedurally misjoined in

---

[2] Upon information and belief, Julio Hossein is also known as Hossein Manshadi and/or Julio Manshadi.

an effort to defeat diversity jurisdiction.[3]

23.     Procedural misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a non-diverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action.   Under such circumstances, "courts have concluded that diversity is not defeated where the claim that destroys diversity has no real connection with the controversy involving the claims that would qualify for diversity jurisdiction." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

24.     Circuit Courts of Appeals across the country have adopted the doctrine of procedural misjoinder.  *See, e.g.*, *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); Wright & Miller, Fed. Prac. & Proc. § 3723.1 (Rev. 4th ed. 2020) (noting "most courts have adopted [the procedural misjoinder doctrine].").  In *Tapscott*, the plaintiffs lumped together various claims, arguing that "a mere allegation of a common business practice subjects all defendants to joinder."  *Tapscott*, 77 F.3d at 1360.  The Eleventh Circuit disagreed.  It ignored the citizenship of resident defendants whose unrelated, though legitimate, claims had been joined for purposes of avoiding federal jurisdiction.  *Id*.

25.     Respecting procedural misjoinder, the Eighth Circuit has looked to Federal Rule of Civil Procedure 20 to determine whether multiple plaintiffs assert claims with "respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" ***and***

---

[3] The argument set forth herein applies with equal force to the joinder of claims as against Nationwide and Allied as well. But as diverse Defendants (Nationwide and Allied) jointly seek removal, only Depositors' citizenship need be ignored for purposes of this notice.

"any question of law or fact common to all plaintiffs will arise in the action." *Prempro.*, 591
F.3d at 622. It also suggested that state joinder rules might be considered. *Id.* at 623 n.6. Here,
the Iowa rules impose the same requirements as Federal Rule 20. Iowa R. Civ. P.C.A. §§ 1.232;
1.233 (maintaining that plaintiffs and defendants may be joined when relief is sought "arising out
of the same transaction, occurrence, or series of transactions or occurrences" and "when any
question of law or fact common to all of them is presented or involved.").

26.     Neither of these two elements are met here. First, the various Plaintiffs' claims do
not arise out of the same transaction or occurrence. For example, a bay-area restaurant in
California, dealing with California's COVID restrictions, was denied coverage by NMIC under
its insurance policy. A *different restaurant*, halfway across the country, incurring *different*
financial setbacks while dealing with Kansas's *different* COVID restrictions, was denied
coverage by a *different* insurer, Depositors.

27.     Each Plaintiff's alleged loss of income  hinges on the different economic impacts
arising from different restrictions imposed by different governing bodies upon different
restaurants in different States; further, all Plaintiffs seek bad faith damages for claims submitted
to three different companies. *See* F.R.C.P. § 20; *see also* Iowa R. Civ. P.. §§ 1.232–.233.
Accordingly, Corral Four, in its claims against Depositors, is not dealing with the same
transaction or occurrence as the remaining claims. F.R.C.P. § 20.

28.     Melding the claims against Depositors into this single action also commingles
different questions of fact and law. By Plaintiffs' Petition, the varying restrictions across
different States impacted Plaintiffs in diverse ways. Per the Petition, some—but not all—of the
restaurants at issue shut down the ice-cream stations, removed furniture, eliminated buffet-style

4815-1336-0613 v2

service, and reduced capacity to 25%.  (Pls.' Pet. at ¶¶ 42-45).  In short, a different set of facts

and circumstances surround each Plaintiff.  And the claims as against Depositors are discrete and

separately capable of resolution given that the interpretation of the various insurance policies at

issue is governed by different States' laws.[4]

29.     In light of the uncommon underlying circumstances and uncommon questions of

law and fact, Depositors citizenship should be ignored for the diversity analysis.  Complete

diversity, therefore, exists because NMIC and Allied—the only remaining Defendants—are

citizens of Ohio, and Plaintiffs are not.

## D.  Alternatively, this Court should sever under Rule 21 the claims against Depositors to cure any present jurisdictional defect

30.     This Court "may sever any claim against a party."  F.R.C.P. § 21.  Severing a

party is within this Court's broad discretion.  Because Mohave GC, Corral One, Corral Three,

and Corral Five's ability to obtain relief is unaffected by Corral Four and Depositor's presence in

this action, this Court can sever Corral Four's claims against Depositors and "cure [the]

jurisdictional defect."  *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991).

31.     Given the differences in fact, law, and parties, as well as this Court's interest in

judicial economy and avoiding jury confusion, severing *sua sponte* under Federal Rule of Civil

Procedure 21 is appropriate.  Defendants, however, will move to sever this matter and will

provide this Court with additional authorities and arguments for the propriety of doing so.

## IV. REMOVAL TO THIS DISTRICT IS PROPER

32.     Removal venue exists in the United States District Court for the Southern District

---

[4] Indeed, for each Defendant's policy, under Iowa's choice-of-law test in these circumstances, the law with the "most significant relationship" turns on where the restaurant is located.

4815-1336-0613 v2

of Iowa, Central Division because the Iowa District Court for Polk County is within the Central Division of the Southern District of Iowa. 28 U.S.C. § 1441(a).

33.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(a), copies of all process, pleadings, and orders served to date upon NMIC and Allied are attached to this Notice of Removal as **Exhibit A**.

34.     Written notice of the filing of the Notice of Removal will be promptly served on the attorneys for Plaintiffs, and a copy will be promptly filed with the Clerk of the Iowa District Court for Polk County, pursuant to 28 U.S.C. § 1446(d).

35.     This Notice of Removal is submitted on behalf of both NMIC and Allied, pursuant to 28 U.S.C. § 1446(b)(2)(A).  As Depositors was not properly joined, its consent is not required for removal.  *See* Wright & Miller, Fed. Prac. & Proc. § 3723.1 (Rev. 4th ed. 2020); *see also* 28 U.S.C. § 1446(b)(2)(A) (requiring all defendants "properly joined" to consent to removal).  Regardless, Depositors consents to the filing of this Notice.

36.     NMIC and Allied hereby reserve any and all rights to assert any and all defenses to Plaintiffs' Petition, including, but not limited to, the insufficiency of process or insufficiency of service of process, lack of personal jurisdiction, and improper venue.

37.     Removing Defendants reserve the right to amend or supplement this Notice of Removal.

Dated April 16, 2021.

4815-1336-0613 v2

Respectfully submitted,

HOPKINS & HUEBNER, P.C.


By____/s/Alex Grasso_____
   Alex E. Grasso, AT0011862
   2700 Grand Avenue, Suite 111
   Des Moines, IA 50312
   Telephone:  515-244-0111
   Facsimile:   515-244-8935
   agrasso@hhlawpc.com
   ATTORNEYS FOR DEFENDANTS

Original filed.

Copy to:

James W. Carney
Nicholas J. Mauro
303 Locust Street, Suite 400
Des Moines, IA 50309-1770
Telephone: 515-282-6803
Fax: 515-282-4700
carney@carneyapplby.com
mauro@carneyapplby.com
**ATTORNEYS FOR PLAINTIFFS**

| **CERTIFICATE OF SERVICE** |
| --- |
| The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 16th day of April, 2021. |
| By    ☐ U.S. Mail      ☐ Fax |
|         ☐ Hand Delivery    ☒ Electronically through CM-ECF |
|         ☐ Private Carrier    ☒ Other:____Email_____ |
| Signature_____/s/Alex Grasso_____ |

4815-1336-0613 v2